IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 10-cv-00590-WDM-BNB

KELLEE CARMAN,

    Plaintiff,

v.

AFFILIATED CREDIT SERVICES aka
WAKEFIELD & ASSOCIATES,

    Defendant.

## ORDER AMENDING COMPLAINT AND TRANSFERRING CASE

Miller, J.

This matter is before me on Plaintiff Kellee Carman's Motion to Amend Complaint and to Transfer Venue (ECF No. 14). Defendant Affiliated Credit Services ("Affiliated") has not opposed the motion. After a review of the motion, I conclude oral argument is not required. For the reasons that follow, the Complaint shall be amended and the case will be transferred to the United States District Court for the District of Minnesota.

### Background

This case arises pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") Carman filed her complaint against Affiliated believing it to be the debt collector whom she claims infringed on her rights under the FDCPA. ECF No. 1. After speaking with Affiliated, Carman discovered that Affiliated was not the proper defendant, after all. The proper debt collector was actually The Affiliated Group, Inc. of Rochester, Minnesota.

Carman seeks to amend her Complaint to identify the proper defendant pursuant to Fed. R. Civ. P. 15(a) and to transfer the case to the United States District Court for the District of Minnesota, pursuant to U.S.C. § 1404.

## STANDARD OF REVIEW

Fed. R. Civ. P. 15(a)(A) & (B) provide that "a party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(3) or (f), whichever is earlier." *Id.*

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party moving to transfer a case pursuant to section 1404(a) bears the burden of establishing that the existing forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citations omitted). In addition, the movant must satisfy the transferor court that the transferee court has jurisdiction to hear the case. Motions to transfer pursuant to this provision should be determined according to an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 1516 (citations omitted).

A threshold matter for the transfer of a case under Section 1404(a) is whether the transferee court has personal jurisdiction over the parties. *See Hoffman v. Blaski*, 363 U.S. 335 (1960) (interpreting Section 1404(a) language, "where [case] might have been brought," as whether there is personal jurisdiction over all parties in the transferee court). California Rule of Civil Procedure § 410.10 states: "A Court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United

States." *Id.* Due process allows that a party may be subject to personal jurisdiction if he has certain minimum contacts with the forum that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash*, 326 U.S. 310, 316 (1945). A business entity's presence in the jurisdiction is manifested by the activities of those who are authorized to act for it. *Id.*

In determining whether to transfer a case to another jurisdiction I undertake a similar analysis as the second prong of the personal jurisdiction test. Among the factors I should consider are the following:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to [e]nsure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)). An action may be transferred under section 1404(a) at any time. *Id.*

A plaintiff's choice of forum is given deference. *Ervin & Assoc., Inc. v. Cisneros*, 939 F. Supp. 793, 799 (D. Colo. 1996).

## DISCUSSION

A. <u>Amendment of Complaint</u>

An argument to which no response is offered may be deemed confessed. *See Alvariza v. Home Depot*, 2007 WL 794187 *8 (D. Colo. 2007). In this instance, Affiliated has not answered or objected to Motion to Amend Complaint and to Transfer Venue (ECF

Accordingly, I shall deem the motion to be confessed. I shall grant the Motion.

Even if Affiliated had objected to the Motion to Amend, I would have granted the motion. Affiliated has not yet filed an answer. Carman filed the Motion to amend prior to Affiliated's filing any responsive pleading.[1] Accordingly, pursuant to Fed. R. Civ. P. 15(a), she may amend once as a matter of course. *See id.*

B.  Transfer of the Case to the District Court for the District of Minnesota

Even if Affiliated had responded, I would have granted Carman's motion to transfer venue. U.S.C. § 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.*

This case might have been brought in the District Court for the District of Minnesota. In addition, because Carman has amended the complaint to name a defendant who resides in Rochester, Minnesota, there is no longer any connection to Colorado. *See* Am. Compl. ¶ 8, ECF No. 14-1. A civil action may be brought against the defendant in Minnesota pursuant to 28 U.S.C. § 1391. Accordingly, Defendant is subject to the jurisdiction of the District Court for the District of Minnesota.

The District of Minnesota has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the Complaint raises a federal question under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. The District Court for the District of Minnesota can also exercise subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d), which states that actions under the FDCPA may be brought in "any appropriate United

---

[1] Carman had filed a previous Motion to Amend Complaint and Transfer Venue (ECF No. 5), which Magistrate Judge Boland denied as moot (ECF No. 15).

States district court without regard to the amount in controversy." *Id.* Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the defendant resides in Minnesota.

I determine that, even if the motion had not been confessed, I would have granted the motion to transfer venue because for the convenience of the parties and the witnesses and in the interest of justice, this matter can and should be brought in the District Court for the District of Minnesota. Accordingly, it is Ordered that:

1. Carman's Motion to Amend Complaint and to Transfer Venue is granted.

2. The Complaint shall be amended in the form set forth in ECF No. 14-1.

3. This case shall be transferred to the District Court for the District of Minnesota.

DATED at Denver, Colorado, on August 4, 2010

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge